UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANGELO OWENS, #829102,

    Plaintiff,                               Hon. Hala Y. Jarbou

v.                                                 Case No. 1:22-cv-443

CURT RUCKER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 34). Pursuant to 28 U.S.C. ' 636(b)(1)(B), the undersigned recommends that Defendant's motion be denied.

## BACKGROUND

Plaintiff initiated this action against twenty-one (21) individuals. (ECF No. 1). The majority of Plaintiff's claims were dismissed on screening on misjoinder grounds. (ECF No. 5). Plaintiff's claims against Defendants Rucker and McGlone, however, survived screening. With respect to these defendants, Plaintiff alleges the following.

On March 22, 2020, Plaintiff filed a grievance alleging "general harassment." On May 20, 2020, Defendant Rucker announced over the PA system, "tough guys aren't supposed to write grievances Owens, we'll see how tough you are." Shortly thereafter, Plaintiff returned to his cell. As Plaintiff attempted to enter his cell, Defendant Rucker

-1-

closed the door to Plaintiff's cell, striking Plaintiff in the chest. Rucker "kept the cell door's motor running for about ten seconds, pinning Plaintiff, with his back against the protruding groove of the door jam[b] as the cell door was pushing into [his] chest." Plaintiff yelled out in pain and other inmates attempted to get the attention of Defendants McGlone or Rucker. McGlone "was standing outside of the unit bubble station and did not intervene." Defendant Rucker then declared over the PA system, "Owens, you do all that exercising but can't get the door off of you?"

Plaintiff alleges that Defendant Rucker employed excessive force in violation of his Eighth Amendment rights and, moreover, did so in retaliation in violation of his First Amendment rights. Plaintiff alleges that Defendant McGlone violated his Eighth Amendment rights by failing to intervene to stop Defendant Rucker's unlawful actions. Plaintiff subsequently dismissed his claims against Defendant McGlone. (ECF No. 21). Defendant Rucker now moves for summary judgment. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case. *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial. *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere scintilla of evidence in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party must do more than simply show that there is some metaphysical doubt as to the material facts. *Amini*, 440 F.3d at 357. The non-moving party may not rest upon [his] mere allegations, but must instead present significant probative evidence establishing that there is a genuine issue for trial. *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, credibility, and have a trial on the hope that a jury may disbelieve factually uncontested proof. *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Daniels*, 396 F.3d

at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

### I. Use of Excessive Force

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. Const. amend. VIII. The excessive use of force which results in the unnecessary and wanton infliction of pain violates this provision. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Claims alleging the excessive use of force have both a subjective and an objective component. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

The objective component of the analysis examines whether the pain or deprivation allegedly suffered by the prisoner was sufficiently serious to implicate the Eighth Amendment. *Ibid.* To be sufficiently serious, the prison official's act or omission must deny the prisoner of the minimal civilized measure of life's necessities, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), as defined by contemporary standards of decency. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). While the Eighth Amendment does not prohibit every *de minimis* use of physical force, where prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency

always are violated regardless whether the force applied was *de minimis* or resulted in injury. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

The subjective component of the analysis examines whether the prison official's conduct reflected obduracy and wantonness or was instead the product of inadvertence or error in good faith. *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison official, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7. The absence of injury, while relevant, is not dispositive. *Ibid.* As the Supreme Court recently observed:

> When prison officials maliciously and sadistically use force to cause harm, the Court recognized, contemporary standards of decency always are violated. . .whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.
>
> This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry. [T]he extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson,* not every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment=s prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of

> a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim.
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.

*Wilkins v. Gaddy*, 559 U.S. 34, 36-38 (2010) (internal citations and quotations omitted).

Plaintiff alleges that Defendant Rucker intentionally closed the door to his cell, striking him in the chest. Plaintiff further alleges that Rucker "kept the cell door's motor running for about ten seconds, pinning Plaintiff, with his back against the protruding groove of the door jam[b] as the cell door was pushing into [his] chest." Defendant Rucker argues that Plaintiff's claim fails because he cannot satisfy either prong of the analysis.

In support of his motion, Defendant Rucker relies on two brief video clips which he asserts reveal that Plaintiff, rather than being subjected to excessive force, was "attempting to disrupt the normal operations of the prison." (ECF No. 35, PageID.234). According to Defendant, Plaintiff's allegations are "clearly and directly contradicted" by this video evidence. Perhaps there exists video evidence as described by Defendant, but such has not been submitted to the Court. The video evidence submitted by Defendant consists of two brief video clips. The first video clip is 35 seconds in duration and shows what the Court assumes is Plaintiff approaching his cell. The video does not, however, show the door to Plaintiff's cell door opening or what occurred after Plaintiff attempted

to enter his cell. The second video clip is 33 seconds in duration and appears to show two MDOC guards standing in a hallway. The relevance of this video clip is unclear.

In the absence of video evidence refuting or contradicting Plaintiff's allegations, the Court is left with the parties' competing evidence. Plaintiff's affidavit mirrors the allegations in his complaint. (ECF No. 39-5, PageID.307-10). Plaintiff's deposition testimony likewise mirrors the allegations in his complaint. (ECF No. 35-2, PageID.244-55). Defendant Rucker, in his affidavit, disputes Plaintiff's version of events and specifically denies that Plaintiff was ever trapped in his cell door. (ECF No. 35-4, PageID.264-67). These factual disputes are for a jury to resolve. Accordingly, the undersigned recommends that Defendant Rucker's motion for summary judgment be denied as to Plaintiff's Eighth Amendment claim.

## II. Retaliation

Plaintiff alleges that Defendant Rucker employed excessive force in retaliation for two prison grievances he previously submitted. To prevail on his retaliation claim, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) Defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct. *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010). Defendant argues that he is entitled to relief because Plaintiff cannot satisfy either of the first two elements.

    A.    Protected Conduct

Plaintiff alleges that on March 22, 2020, he filed two grievances, one against Defendant Rucker and another against Corrections Officer (CO) Hoffman. Plaintiff alleges each of these grievances are the protected conduct which motivated Defendant Rucker's improper actions described above.

    1.    Grievance ECF-2020-03-418-17a

Plaintiff filed this grievance against CO Hoffman. (ECF No. 39-7, PageID.315). Defendant Rucker argues that because Plaintiff's grievance alleged mere "verbal abuse," the grievance was "frivolous" and, therefore, cannot constitute protected conduct. It is understood that prisoners have no constitutional right to be free from verbal abuse. *See, e.g., Small v. Brock*, 963 F.3d 539, 541 (6th Cir. 2020). Thus, as Defendant notes, a prison grievance alleging "verbal abuse" is frivolous and, therefore, not protected conduct. *See Scott v. Kilchermann*, 2000 WL 1434456 at *2 (6th Cir., Sept. 18, 2000).

A review of Plaintiff's grievance, however, reveals that Plaintiff did not allege that CO Hoffman subjected him to verbal abuse. In his grievance, Plaintiff alleged the following. On the date in question, Plaintiff was approved to go to the law library. (ECF No. 39-7, PageID.315). Plaintiff later approached Hoffman and requested that he be permitted to depart the library early "due to a current need to have unrestricted access to a restroom" which was not permitted in the law library. (*Id.*). Hoffman informed Plaintiff that he was not permitted to exit the library until the librarian returned. (*Id.*). Plaintiff responded that the librarian's return "was not a guarantee." (*Id.*). Plaintiff

also asserted to Hoffman that he possessed the authority to allow him to exit the library. (*Id.*). Hoffman retorted, "If you leave that's on you, but I want your ID, that way hopefully you'll get a misconduct for not having it bitch." (*Id.*).

While Plaintiff did allege that Hoffman's "words and actions. . .were intended to harass and degrade" him, it is not accurate to characterize Plaintiff's grievance as alleging mere "verbal harassment." Rather, Plaintiff alleged that Hoffman was denying him the opportunity to use the bathroom. As courts recognize, the parameters of what constitutes a "frivolous" grievance in this context are not well defined. *See, e.g., Harp v. Hallett*, 2023 WL 8710575 at *6-7 (E.D. Mich., July 26, 2023). This lack of clarity notwithstanding, the Sixth Circuit has indicated that a grievance is not frivolous where such concerns a "major requirement of life." *Id.* at *6 (quoting *Maben v. Thalen*, 887 F.3d 252, 264-65 (6th Cir. 2018)). Defendant has identified no authority suggesting that a request by a prisoner to access a bathroom does not implicate a "major requirement of life." The Court, therefore, rejects the argument that this grievance does not constitute protected conduct.

2. Grievance ECF-2020-03-419-17a

Plaintiff filed this grievance against Defendant Rucker. (ECF No. 39-7, PageID.317). Defendant argues that this grievance is frivolous and, therefore, does not constitute protected conduct. In his grievance, Plaintiff alleged the following.

-9-

After his encounter with CO Hoffman (described above), Plaintiff returned to his housing unit without incident. (*Id.*). Shortly thereafter, however, Defendant Rucker instructed Plaintiff to return to the law library to retrieve his ID. (*Id.*). Plaintiff complied with this instruction, but when he returned to the housing unit Defendant Rucker denied Plaintiff access to the dayroom and instead ordered Plaintiff to "lock up" in his cell. (*Id.*). Defendant Rucker then charged Plaintiff with a misconduct violation for being out of place. (ECF No. 39-5, PageID.308). This charge was subsequently dismissed by the Hearing Officer. (*Id.*).

Plaintiff alleged that Defendant Rucker's actions were improper. (ECF No. 39-7, PageID.317). Defendant has identified no authority suggesting that a grievance which challenges the issuance of a misconduct charge, which was subsequently dismissed by a Hearing Officer, is properly characterized as frivolous. Accordingly, the Court rejects the argument that this grievance does not constitute protected conduct.

B.   Adverse Action

Defendant Rucker next argues that Plaintiff's retaliation claim fails because Plaintiff did not experience any adverse action. Specifically, Defendant argues that because Plaintiff was not subjected to excessive force when he attempted to enter his cell, he did not experience any adverse action. As discussed above, however, there remain genuine disputes of fact on the question whether Plaintiff was subjected to excessive force. Accordingly, this argument is rejected.

-10-

### III.    Qualified Immunity

Finally, Defendant Rucker argues that he is entitled to qualified immunity. The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). They can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages and if unjustified lawsuits are quickly terminated. *Ibid.* When government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996).

Defendant's cursory argument in support of qualified immunity is insufficient to carry the day. Defendant's argument, one sentence in length, is that because Plaintiff's "claims revolve around his own deliberate action of sticking his foot in a door, it is clear no constitutional violation occurred" and, therefore, qualified immunity is appropriate. As already discussed, whether Plaintiff's Eighth Amendment rights were violated is still an open question. Accordingly, the undersigned recommends that Defendant Rucker's assertion of qualified immunity be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 34), be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. ' 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court=s order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 26, 2024              /s/ Phillip J. Green
                                      PHILLIP J. GREEN
                                      United States Magistrate Judge