UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANGELO OWENS,

    Plaintiff,

v.

CURT RUCKER, et al.,

    Defendants.

_____/

Case No. 1:22-cv-443

Hon. Hala Y. Jarbou

## ORDER

D'Angelo Owens, a state prisoner, brings this § 1983 action against twenty-one individuals affiliated with the Michigan Department of Corrections ("MDOC"). The bulk of Owens's claims have been dismissed; only his claims against Curt Rucker remain. Owens alleges that Rucker violated his Eighth Amendment rights when Rucker remotely closed a motorized cell door on Owens, physically pinning him between the door and the door jamb. Further, Owens alleges that Rucker closed the door on him in retaliation for exercising his First Amendment right to file administrative grievances.

On February 26, 2024, Magistrate Judge Phillip J. Green issued a report and recommendation ("R&R") (ECF No. 42) recommending that the Court deny Rucker's motion for summary judgment (ECF No. 34). Before the Court are Rucker's objections to the R&R. For the reasons discussed herein, the Court will adopt the magistrate judge's recommendation and will deny Rucker's motion for summary judgment.

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject,

  or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

  Owens filed a grievance against Rucker unrelated to the instant action on March 22, 2020. (3/22/2020 Grievance, ECF No. 35-3.) Owens alleges that on May 20, 2020, Rucker "stated over the unit's P.A. system[,] 'Tough guys aren't supposed to write grievances Owens, we'll see how tough you are[.]'" (Statement of Facts Attached to Verified Compl. ¶ 2, ECF No. 1-3.) Then, as Owens "crossed the threshold" into his cell, he claims that "the door immediately began to close, striking me in the chest and pressing/pinning my back against the door jam[b] forcibly." (Owens Aff. ¶ 2, ECF No. 39-4.) He claims that Rucker remotely operated the motorized door, pinning Owens for at least ten seconds. (*Id.*) Other prisoners aver that, despite both Owens's apparent physical pain and multiple prisoners' requests for help, Rucker continued to pin Owens with the motorized door. (Aubrey Aff. ¶¶ 2-3, ECF No. 39-3; Plemmons Aff. ¶¶ 2-3, ECF No. 39-2.)

  In support of his motion for summary judgment, Rucker submits two short videos which purport to contradict Owens's version of events. (Videos, ECF No. 35-5.) The magistrate judge was unconvinced. Regarding the first video, the magistrate judge found that while the video showed Owens approaching his cell, it did not show "what occurred after Plaintiff attempted to enter his cell." (R&R 6.) Further, the magistrate judge could not discern the relevance of the second video. Rucker does not appear to challenge the magistrate judge's view of the second video.

  Each of Rucker's objections relate to the magistrate judge's discussion of the first video. He argues that the magistrate judge focused on the wrong individual and thus erred in concluding that the video failed to blatantly contradict Owens's version of events. According to Rucker, "The video makes it clear, Rucker did not use force against Owens or . . . that force was de minimis, as

2

demonstrated by Owens easily stopping the door with his foot and later simply removing his foot from the door." (Def.'s Objs. 10.) In other words, according to Rucker, there is no material question of fact as to the Eighth Amendment excessive force claim. And without the underlying Eighth Amendment claim, Rucker argues, Owens did not experience an adverse action in retaliation for exercising his First Amendment rights and Rucker is entitled to qualified immunity for both claims.

Rucker may be correct that the magistrate judge focused on the wrong individual in the video—the video itself depicts multiple, similarly dressed individuals and it does not identify Owens. Still, even focusing on the individual Rucker identifies, the video does not "blatantly contradict" Owens's evidence. *See Scott v. Harris*, 550 U.S. 327, 380-81 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Assuming the individual Rucker identifies in the first video is indeed Owens, the video depicts Owens partially entering his cell and the door closing on him. It is not clear from the video how much force the door is exerting upon Owens. Nor is it clear that Owens was eventually able to "easily stop[] the door with his foot and later simply remov[e] his foot . . . ." (Def.'s Objs. 10.) All that is clear from the video is that the door closes on Owens for a brief period before opening again, at which point Owens steps into his cell and disappears from view. Notably, the video has no sound.

Two affiants support Owens's version of events. DeWayne Plemmons described Owens as being "smashed between his cell door" and that he "seemed to be in pain." (Plemmons Aff. ¶¶ 2-3.) Plemmons avers that he called out for MDOC staff to help Owens. Joseph Aubrey's

3

account accords with Plemmons's and he further states that he heard Owens yell out in pain, complaining that his back "fe[lt] broken." (Aubrey Aff. ¶ 6.)

Rucker disputes these accounts, averring "at no point was Owens yelling in pain or expressing any distress, neither were there any other inmates yelling or otherwise attempting to get my or another CO's attention due to Owens being trapped in the door." (Rucker Decl. ¶ 17, ECF No. 35-4.) That may be so, but without sound and without a clearer depiction of the events in question, the video simply does not resolve the dispute.

True, the video does not clearly depict Owens in obvious pain or other prisoners attempting to physically get MDOC staff's attention. But Owens is not the party moving for summary judgment. And much of the evidence supporting Owens's version focuses on the audible aspects of the incident—aspects which a soundless video is helpless to address. The most that can be said about the video is that it neither blatantly contradicts nor supports either party's contentions. The Court is thus left with competing evidence. It is the jury's province to decide which evidence to credit.

In short, Owens has adduced evidence supporting his version of events. The videos Rucker submits do not blatantly contradict that version. Thus, a genuine dispute of material fact exists as to the underlying Eighth Amendment claim. That dispute implicates Owens's First Amendment claim, as well as Rucker's entitlement to qualified immunity. Thus, the magistrate judge's recommendation that the Court deny Rucker's motion for summary judgment is sound and will be adopted.

Accordingly,

**IT IS ORDERED** that the report and recommendation of the magistrate judge (ECF No. 42) is **APPROVED** and **ADOPTED** as the opinion of the Court, along with the supplemental analysis contained in this Order.

**IT IS FURTHER ORDERED** that Defendant Rucker's motion for summary judgment (ECF No. 34) is **DENIED**.

Dated: June 27, 2024                         /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE